**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Richmond Division

**TITO GARCIA PANIAGUA,**
Petitioner,

v.                                                    Civil Action No. **3:25CV1060 (RCY)**

**JEFF CRAWFORD,** *et al.*,
Respondents.

**MEMORANDUM OPINION**

Tito Garcia Paniagua ("Petitioner"), a federal detainee with counsel, is a native of El

Salvador national present in the United States without admission.  He has filed a Petition for a Writ

of Habeas Corpus Under 28 U.S.C. § 2241 ("§ 2241 Petition" or "Petition," ECF No. 6[1]),

challenging the lawfulness of his detention by the Department of Homeland Security ("DHS") and

Immigration and Customs Enforcement ("ICE").  Petitioner alleges, *inter alia*, that Respondents'

application of 8 U.S.C. § 1225(b)(2) to mandate his detention without the opportunity for bond

violates the Immigration and Nationality Act.  Pet. at 7–8.[2]  For the reasons set forth below, the

§ 2241 Petition is GRANTED.  Respondents are ORDERED to provide Petitioner with a bond

hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226.

**I.  BACKGROUND**

Petitioner is a 32-year-old native and citizen of El Salvador who arrived in the United States

without inspection on or about June 2014.  Pet. ¶¶ 1, 18.  Petitioner has resided in the United States

since January of 2021.  *Id.* at 2.  Petitioner was apprehended by ICE on November 5, 2025, and

placed into removal proceedings pursuant 8 U.S.C. § 1229a.  *Id.* ¶ 5.  Petitioner was denied a bond

---

[1] Petitioner's first-filed Petition, ECF No. 1, was deficient for lack of Petitioner's signature or that of a "next friend" authorized to sign on his behalf.  Order, ECF No. 5.  Petitioner cured this defect with the filing of the signed Amended Petition, ECF No. 6, which the Court utilizes and cites as the operative Petition in this matter.

[2] The Court employs the pagination assigned by the CM/ECF docketing system.

hearing based on the assertion that, as someone who entered the country without inspection, he is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2). *Id.* ¶ 46.

On December 23, 2025, counsel for Petitioner filed the initiating § 2241 Petition in this Court. ECF No. 1. The Amended Petition bearing Petitioner's signature was filed on January 13, 2026. ECF No. 6. On February 12, 2026, Respondents filed their Opposition to the Petition. ECF No. 8. Petitioner filed a Reply on February 22, 2026. ECF No. 9.

## II. STANDARD OF REVIEW

28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." *Id.* "A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States." *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations and brackets omitted). After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## III.    ANALYSIS

The dispositive question posed in the § 2241 Petition concerns whether Petitioner is entitled to a discretionary bond hearing under 8 U.S.C. § 1226(a) or whether he is subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2)(A).[3]

Petitioner contends that 8 U.S.C. § 1226 entitles him to a bond hearing. In opposition, Respondents argue that Petitioner is "defined by law as an applicant for admission," and therefore is subject to the mandatory detention provisions of 8 U.S.C. § 1225(a). Opp'n 1, ECF No. 8. Respondents acknowledge, however, that this Court and others have already considered and rejected all of Respondents' legal arguments asserted in support of their position, and that

---

[3] Because the Court is able to decide this case on the basis of the INA, it need not and does not reach Petitioner's blanket Fifth Amendment Due Process argument for immediate release.

2

Respondents merely restate the arguments for preservation on appeal. *Id.* at 2 (citing *Alvarez Munoz v Simon*, Civil Action No. 3:25CV897, ECF No. 22 (E.D. Va. Dec. 22, 2025) (Young, J.); *Ortega Miranda v. Bondi*, 3:25cv769, ECF Nos. 19-20 (E.D. Va. Feb. 3, 2026) (Novak, J.); *Romero v. Crawford*, Civil Action No. 3:25cv788, ECF Nos. 12-13 (E.D. Va. Jan. 13, 2026) (Hudson, J.); *Duarte Escobar v. Perry*, Civil Action No. 3:25CV758, ECF Nos. 21, 22 (E.D. Va. Oct. 27, 2025) (Lauck, J.)).

In light of Respondents' recognition of the duplicative nature of the purely legal arguments presented here relative to those previously decided by this Court, *see id.*, this Court maintains and incorporates the reasoning of *Ortega Miranda v. Bondi*, No. 3:25CV769 (DJN), 2026 WL 287179 (E.D. Va. Feb. 3, 2026), into this Memorandum Opinion. That same reasoning has been applied in several cases before courts in this district,[4] and by this Court as well, and the Court finds no cause to depart from that path now.

Petitioner has been present in the United States for over eleven years, and because § 1226(a) sets forth "the default rule" for detaining and removing noncitizens "already present in the United States," *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), Petitioner's detention is governed by § 1226(a). Under § 1226(a) and its implementing regulations, he is entitled to a bond

---

[4] *See e.g., Hasan v. Crawford*, 800 F. Supp. 3d 641 (E.D. Va. 2025); *Duarte Escobar v. Perry*, 2025 WL 3006742 (E.D. Va. Oct. 27, 2025); *Perez-Gomez v. Warden*, 2025 WL 3141103 (E.D. Va. Nov. 11, 2025) (rejecting the same arguments made in *Ortega Miranda*); *Contreras-Perez v. Noem*, 2025 WL 3281774 (E.D. Va. Nov. 25, 2025) (same); *Quispe-Ardiles v. Noem*, 2025 WL 2783800 (E.D. Va. Sept. 30, 2025); *Vargas Nunez v. Lyons*, l:25-cv-1574 (LMB) (E.D. Va. Oct. 1, 2025); *Diaz Gonzalez v. Lyons*, l:25-cv-1583 (LMB) (E.D. Va. Oct. 1, 2025); *Gomez Alonzo v. Simons*, 1:25-cvl587 (LMB) (E.D. Va. Oct. 1, 2025); *Perez Bibiano v. Lyons*, l:25-cv-1590 (LMB) (E.D. Va. Oct. 2, 2025); *Ortiz Ventura v. Noem*, 1:25-cv-1429 (MSN) (E.D. Va. Oct. 2, 2025); *Lopez-Sanabria v. Bondi*, 1:25-cv-1511 (MSN) (E.D. Va. Oct. 3, 2025); *Singh v. Bondi*, No. 1:25-cv-l 525 (MSN) (E.D. Va. Oct. 7, 2025); *Guerra Leon v. Noem*, l:25-cv-1634 (LMB) (E.D. Va. Oct. 8, 2025); *Maldonado Merlos v. Noem*, l:25-cv-1645 (LMB) (E.D. Va. Oct. 9, 2025); *Alfaro v. Lyons*, l:25-cvl569 (AJT) (E.D. Va. Oct. 11, 2025); *Singh* v. *Lyons*, 2025 WL 2932635 (E.D. Va. Oct. 14, 2025); *Teyim v. Perry*, 2025 WL 2950183 (E.D. Va. Oct. 15, 2025); *Hernandez* v. *Crawford*, 2025 WL 2940702 (AJT) (E.D. Va. Oct. 16, 2025); *Pineda v. Simon*, 2025 WL 2980729 (E.D. Va. Oct. 21, 2025); *Lapop v. Noem*, 2025 WL 2997507 (E.D. Va. Oct. 24, 2025); *Ramirez Gomez v. Trump*, No. 1:25-cv-1443 (MSN) (E.D. Va. Oct. 27, 2025); *Boquin Oliva v. Noem*, No. 1:25-cv-1592 (RDA) (E.D. Va. Oct. 29, 2025); *Aguilar Lares v. Bondi*, No. 1:25-cv-1562 (LMB) (E.D. Va. Oct. 29, 2025); *Esquina Flores v. Crawford*, No. 1:25-cv-1564 (PTG) (E.D. Va. Nov. 11, 2025); *Palacios Zepeda v. Crawford*, No. 1:25-cv-1561 (PTG) (E.D. Va. Nov. 21, 2025); *Campos-Flores v. Bondi*, 2025 WL 3461551 (E.D. Va. Dec. 2, 2025); *Hugo Romero v. Crawford,* 2026 WL 94634 (E.D. Va. Jan. 13, 2026).

hearing before an Immigration Judge, in which an Immigration Judge must determine whether he poses a danger to the community and whether he is a flight risk.  8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1).  Unless an Immigration Judge makes such a determination, Petitioner's continued detention is unlawful.

The Court acknowledges the "active circuit split about whether Section 1225(b)(2)(A) . . . may be construed to deny bond hearings to noncitizens mandatorily detained after entering the country without authorization."  *Suri v. Trump*, __ F.4th __, 2026 WL 2123557, at *33 n.* (4th Cir. July 23, 2026) (Wilkinson, J., dissenting) (citing cases).[5]  While none of these out-of-circuit decisions are binding, their weight aligns with the outcome reached by this Court.  And so, until the Fourth Circuit takes up the question or the Supreme Court resolves the circuit split, the Court comfortably adopts and applies its analysis from *Ortega Miranda* to the facts of the present case.  And so doing, the Court concludes that Petitioner is being detained in violation of the laws of the United States.

## IV.    CONCLUSION

For the above reasons, and as more fulsomely articulated in *Ortega Miranda*, 2026 WL 287179, the § 2241 Petition (ECF No. 1) will be GRANTED.  An appropriate Order will issue.

Date: <u>August 7, 2026</u>
Richmond, Virginia

/s/ _____
Roderick C. Young
United States District Judge

---

[5] The split presently stands as follows:  the Eighth Circuit and one Fifth Circuit panel have adopted DHS's interpretation of 1225(b)(2)(A), *see Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), *petition for cert. filed*, No. 26-43 (U.S. July 14, 2026), while another panel of the Fifth Circuit acknowledged *Buenrostro-Mendez*'s statutory holding but required bond hearings on constitutional grounds, *see Sosnava Rodriguez v. Ortega*, 180 F.4th 702 (5th Cir. 2026), *vacated and reh'g en banc granted*, __ F.4th __, 2026 WL 2014647 (5th Cir. July 10, 2026), and the Second, Sixth, Seventh, Ninth, Tenth, and Eleventh Circuits have all rejected DHS's interpretation, *see Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026), *petition for cert. filed*, No. 26-104 (U.S. July 24, 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026), *petition for cert. filed*, No. 25-1415 (U.S. June 22, 2026); *Cirrus Rojas v. Olson*, __ F.4th __, 2026 U.S. App. LEXIS 22875 (7th Cir. July 30, 2026); *Rodriguez Vazquez v. Bostock*, __ F.4th __, 2026 U.S. App. LEXIS 22798 (9th Cir. July 30, 2026); *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026); *Hernandez Alvarez v. Warden, Federal Detention Center Miami*, 175 F.4th 1258 (11th Cir. 2026).

4