**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**TITO GARCIA PANIAGUA,**

Petitioner,

v. Civil No. **3:25CV1060 (RCY)**

**JEFF CRAWFORD, *et al.*,**

Respondents.

**MEMORANDUM OPINION**

This matter comes before the Court on Respondents' Motion to Dismiss for Lack of Jurisdiction (ECF No. 12), filed subsequent to this Court's granting of Petitioner's § 2241 Petition for Habeas relief, at which time the Court ordered that Respondents provide Petitioner with a bond hearing. ECF No. 11. In the present Motion and its accompanying Memorandum in Support, Respondents represent that four days after Petitioner's counsel filed a Reply on Petitioner's behalf in support of the pending § 2241 Petition, Petitioner requested and was granted voluntary departure; Petitioner resultingly voluntarily departed the United States on March 3, 2026. Mem. Supp. Mot. Dismiss 1, ECF No. 13. No party—neither counsel for Petitioner, nor Respondents—informed the Court of these developments, and the Court subsequently granted Petitioner's § 2241 Petition on the papers.

Article III of the Constitution limits the scope of federal court jurisdiction to "cases" and "controversies." U.S. Const. art. III, § 2. "[R]ipeness, along with standing, mootness, and political question," are "doctrines that cluster about Article III" of the United States Constitution. *S.C. Citizens for Life, Inc. v. Krawcheck*, 301 F. App'x 218, 220 (4th Cir. 2008) (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984)). With respect to mootness, "a case is moot when the issues

presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969) (citation omitted). Further, "[i]f intervening factual or legal events effectively dispel the case or controversy during pendency of the suit, [a] federal court[] [is] powerless to decide the questions presented." *Ross v. Reed*, 719 F.2d 689, 693–94 (4th Cir. 1983).

Here, Petitioner was released from custody and left the country during the pendency of his § 2241 Petition. Therefore, there was no live case or controversy remaining at the time the Court (unknowingly) issued its Memorandum Opinion and Order granting the habeas relief requested. *See Simpson v. Hoover*, No. 3:17-cv-00768-JAG-RCY, 2018 WL 3040017, at *2 (E.D. Va. June 19, 2018) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed." (quoting *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983))).

Petitioner's voluntary departure rendered his § 2241 Petition moot. Accordingly, the Court will VACATE its prior Memorandum Opinion and Order, GRANT Respondents' Motion to Dismiss, and DISMISS Petitioner's § 2241 Petition and this action AS MOOT.

An appropriate Final Order will issue.

/s/ RCY
Roderick C. Young
United States District Judge

Date: August 17, 2026
Richmond, Virginia